FILED
United States Court of Appeals
Tenth Circuit

December 22, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVE LOGAN,

Defendant-Appellant.

No. 09-3125
(D.C. No. 2:07-CR-20090-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **EBEL**, and **GORSUCH**, Circuit Judges.

Pursuant to a plea agreement, Steve Logan pleaded guilty to conspiracy to distribute or possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to 292 months' imprisonment, to be followed by five years of supervised release. Although the

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plea agreement contained a waiver of his appellate rights, Mr. Logan filed a notice of appeal.

The government has moved to enforce the plea agreement based on Mr. Logan's appellate waiver. Under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), we will enforce an appellate waiver if (1) the "appeal falls within the scope of the waiver of appellate rights;" (2) "the defendant knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." Mr. Logan's counsel concedes that Mr. Logan's appeal falls within the scope of the appeal waiver, that his waiver was knowingly and voluntarily entered, and that he has no evidence that enforcing the waiver would result in a miscarriage of justice.

Counsel states that Mr. Logan may wish to assert that he received ineffective assistance of counsel in connection with the negotiation of the appeal waiver, which, if true, would satisfy the requirements for establishing a miscarriage of justice. *See Hahn*, 359 F. 3d at 1327. But, as counsel acknowledges, we would not address such an argument at this time because ineffective-assistance claims generally should be raised in a collateral proceeding rather than on direct appeal, even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Accordingly, we GRANT the government's motion to enforce and DISMISS this appeal. Counsel's motion to withdraw is DENIED as moot.

ENTERED FOR THE COURT
PER CURIAM